FILED

March 16, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

RONALD COLLIER, et al.,      )
                                 )

     Plaintiffs/Appellants,    )    Hickman Circuit
                                 )    No. 99-5013-I

VS.                          )
                                 )    Appeal No.
JACK MORGAN, et al.,      )    M1999-00476-COA-R3-CV
                                 )

     Defendants/Appellees.    )

APPEAL FROM THE CIRCUIT COURT FOR HICKMAN COUNTY
AT CENTERVILLE, TENNESSEE

THE HONORABLE DONALD P. HARRIS, JUDGE

Attorney for Plaintiffs/Appellants:

Issac L. Herron, Pro Se

Attorney for Defendants/Appellees:

Paul G. Summers
Attorney General and Reporter

Arthur Crownover, II
Assistant Attorney General

## AFFIRMED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# MEMORANDUM OPINION

This appeal involves an inmate seeking to purse a 42 U.S.C. § 1983 claim against two prison officials. The Circuit Court for Hickman County dismissed the inmate's claim for failure to comply with Tenn. Code Ann. § 41-21-805 (1997). On this appeal, the inmate asserts that the trial court erred by dismissing his complaint and by declining to grant his request for a temporary injunction. We affirm the dismissal of the inmate's suit in accordance with Tenn. Ct. App. R. 10(b).[1]

Issac Herron is currently incarcerated at the Turney Center Industrial Prison and Farm in Only, Tennessee. He is a frequent litigator in Tennessee's courts. On March 3, 1999, Mr. Herron and two other inmates filed a civil rights action against Turney Center's warden and laundry supervisor because of a decision to launder all inmates' clothes in the main prison laundry rather than in the inmates' housing units. The inmates also requested a temporary injunction to prevent the defendants from implementing this new policy.

Because Mr. Herron was proceeding in forma pauperis, Tenn. Code Ann. § 41-21-805(a)(1) required him to file a separate affidavit containing a "complete list of every lawsuit or claim previously filed by the inmate, without regard to whether the inmate was incarcerated at the time any claim or action was filed." Mr. Herron's affidavit listed six prior lawsuits that he had filed in state and federal court.

The defendants moved for summary judgment based on their claim that Mr. Herron had failed to comply with Tenn. Code Ann. § 41-21-805(a)(1) because he had not listed two other lawsuits he had filed. They supported their motion with an affidavit from an employee of the Attorney General and Reporter stating that the office had four closed files and four open files of lawsuits brought by Mr. Herron. Mr. Herron responded to this motion by filing an affidavit stating that he had identified in his Tenn. Code Ann. § 41-21-805 affidavit all the lawsuits he could remember and that his failure to comply with Tenn. Code Ann. § 41-21-805 was unintentional.

---

[1]Tenn. Ct. App. R. 10(b) provides:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

Because Mr. Herron asserted that he had listed all the lawsuits he could remember, the trial court later directed the defendants to file a supplemental affidavit listing the style of all of Mr. Herron's lawsuits and identifying the court in which they had been filed. The defendants complied with the order by filing another affidavit containing this information. Mr. Herron responded by challenging the technical sufficiency of the supplemental affidavit and by asserting that, to the best of his recollection, he had "listed all 'lawsuits' (as Plaintiff understood the term 'lawsuit' to mean) Plaintiff has ever filed" and that he did not consciously or wilfully attempt to circumvent Tenn. Code Ann. § 41-21-805. He never denied omitting at least two prior lawsuits from his original Tenn. Code Ann. § 41-21-805 affidavit, and he never filed a supplemental or corrected affidavit listing all the lawsuits he had filed previously.

The trial court correctly determined that prison inmates seeking to file lawsuits without prepayment of costs must comply with Tenn. Code Ann. § 41-21-805. The record contains undisputed, competent evidence that Mr. Herron failed to comply with Tenn. Code Ann. § 41-21-805 because the affidavit that accompanied his complaint did not list all the prior lawsuits he had filed. Accordingly, we affirm the judgment dismissing Mr. Herron's complaint. We also remand the case to the trial court for whatever further proceedings may be required, and we tax the costs of this appeal to Issac Herron for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:

_____
WILLIAM B. CAIN, JUDGE

_____
PATRICIA J. COTTRELL, JUDGE